**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **EVE THOMAS, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PNC BANK, N.A.,**<br><br>**Defendant.** | Case No.: **5:20-cv-00038**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. EVE THOMAS ("Ms. Thomas" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PNC BANK, N.A. ("PNC" or "Defendant"), in negligently, and/or willfully contacting Plaintiff for marketing purposes on her cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against PNC occurred within the State of California and the County of San Bernardino, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that PNC is, and at all times mentioned herein was, a national association whose primary business address is in Pittsburgh, Pennsylvania.

7. Plaintiff is informed and believes, and thereon allege, that PNC is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (39).

8. PNC provides various consumer credit products and advertises those products through the use of telephone calls.

## FACTUAL ALLEGATIONS

9. At all times relevant PNC conducted business in the State of California and in the County of San Bernardino, within this judicial district.

10. At no time did Plaintiff provide her current cellular telephone number to Defendant through any medium, and in fact, Plaintiff had never heard of PNC prior to PNC calling her.

11. On or about a year ago, Plaintiff began receiving telephone calls from PNC on her cellular telephone ending in "9587" ("9587 Number").

12. PNC called Ms. Thomas' cellular telephone using an artificial or prerecorded voice message in an effort to convince Plaintiff to pay for consumer credit products. Each time Defendant called there was a long pause on each of the calls after Plaintiff answered, followed by a live person saying they were with PNC.

13. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

14. Upon information and belief, this telephone dialing equipment used by PNC has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

16. The frequency of the calls from PNC increased in or about the months of August 2019 and October 2019.

17. Plaintiff was especially frustrated with these calls because Plaintiff had registered the 9587 Number on the Federal Do-Not-Call list since September 27, 2008.

18. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

19. Sometime between the months of August 2019 and October 2019 Plaintiff asked PNC to stop calling her, thereby revoking any consent that Defendant may have had to call Plaintiff. Despite this, Plaintiff continued to receive calls from PNC.

20. Defendant's calls forced Plaintiff and others similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

21. The telephone numbers PNC called were assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

22. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Defendant's calls to Plaintiff's cellular telephone numbers were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

///
///
///
///

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

25. Plaintiff's propose to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the date of the filing of this Complaint.

26. Plaintiff proposes to represent the following Sub-Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, after having requested that the calls cease, within the four years prior to the date of the filing of this Complaint.

27. The Class and Sub-Class are referred to collectively as the "Classes."

28. PNC and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. Plaintiff and members of the Classes were harmed by the acts of PNC in at least the following ways: PNC, either directly or through its agents,

illegally contacted Plaintiff and the Classes' members via their cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiff and the Classes' members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Classes' members previously paid, and invading the privacy of said Plaintiffs and the Classes' members. Plaintiffs and the Classes' members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of the Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through PNC's records or PNC's agents' records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

  i. Whether PNC or its agent(s) placed any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

  ii. Whether the calls required prior express written consent;

   iii. Whether PNC placed any calls after being asked to stop calling;

   iv. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   v. Whether PNC and its agents should be enjoined from engaging in such conduct in the future.

33. As a person that received at least one marketing call via an ATDS or an artificial or prerecorded voice message to her cell phone without Plaintiff's prior express written consent, including after asking Defendant to stop calling, Plaintiff is asserting claims that are typical of each Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Classes.

34. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the PNC's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and PNC will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce PNC to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against PNC is small because the maximum statutory damages in an individual action for

violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. PNC has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. PNC's repeated calls in a span to Plaintiff's cellular phones without any prior express consent—and even after Plaintiff revoked any consent that may have existed—constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of PNC's, and PNC's agents', negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. PNC made repeated telephone calls to Plaintiff's cellular telephone without being in any business relationship or contract. Furthermore, after PNC was explicitly told to not call Plaintiff, PNC agents continued to call Plaintiff's cellular telephones.

44. PNC's actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of PNC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

47. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against PNC:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of PNC's and PNC's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees, pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of PNC's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees, pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 7, 2020               **Kazerouni Law Group, APC**

                                    By: /s Abbas Kazerounian
                                        ak@kazlg.com
                                        Abbas Kazerounian
                                        *Attorneys for Plaintiff*